# In the United States Court of Federal Claims

No. 24-849C
(Filed: December 16, 2024)
**NOT FOR PUBLICATION**

```
*************************************
ALICIA PASCHALL,                    *
                                    *
              Plaintiff,            *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
              Defendant.            *
                                    *
*************************************
```

## OPINION AND ORDER

    Plaintiff Alicia Paschall, proceeding *pro se*, raises claims arising from child custody disputes. *See* Compl. (ECF 1). She has moved for leave to proceed *in forma pauperis*, *see* Application (ECF 2), which is **GRANTED**. The government has moved to dismiss under RCFC 12(b)(1). Mot. to Dismiss (ECF 6). Plaintiff has not responded. The motion to dismiss is **GRANTED**. Plaintiff's motion for habeas corpus (ECF 8) is **DENIED AS MOOT**.

    This Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — is limited to specific types of claims, most commonly non-tort claims for money damages under the Tucker Act. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that

*pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).

At the outset, Plaintiff's claims appear to be directed at employees of the State of Washington, and perhaps private parties. This Court has no jurisdiction over claims against defendants other than the United States, *United States v. Sherwood*, 312 U.S. 584, 588 (1941), which means that this Court cannot hear claims against "states, state officials, and state agencies." *Lawton v. United States*, 621 F. App'x 671, 672 (Fed. Cir. 2015) (citing *Sherwood*, 312 U.S. at 588). To the extent Plaintiff wishes to sue private parties, those claims are outside this Court's jurisdiction as well. *Sherwood*, 312 U.S. at 588. Any claims that Plaintiff intends to make against defendants other than the United States must therefore be dismissed. *Id.*

To the extent that any of Plaintiff's claims do implicate the United States, most of them are outside the Court's jurisdiction for other reasons. Many of her claims involve alleged harms to her family members who are not named as plaintiffs. Plaintiff lacks standing to pursue those claims, *see, e.g.*, *Witchard v. United States*, 165 Fed. Cl. 125, 136 (2023), so they must be dismissed.

Turning to the substance of the injuries mentioned in the Complaint, claims for money in this Court under the Tucker Act are premised on (1) contracts between the plaintiff and the United States, (2) illegal exactions of money by the United States, or (3) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)); *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011). Claims in the third category require a "money mandating" source of federal law, that is, a federal statute or regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained and is reasonably amenable to the reading that it mandates a right of recovery in damages." *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quotes and citations omitted) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983), and *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003)).

Many of the federal statutes Plaintiff mentions are criminal laws. *See* Compl. at 1. Claims for violations of criminal laws are outside this Court's jurisdiction. *Treviño v. United States*, 113 Fed. Cl. 204, 209 (2013); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *see also Julian v. United States,* 658 F. App'x 1014, 1017 (Fed. Cir. 2016). Claims under 42 U.S.C. §§ 1983, 1988, and 12203 are not within this Court's jurisdiction either. *Doiban v. United States*, 173 Fed. Cl. 527, 544 (2024) (citing *Ganaway v. United States*, 557 F. App'x 948, 949 (Fed. Cir. 2014)); *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019); *Hills v. United States*, 162 Fed.

- 3 -

Cl. 750, 754 (2022), *aff'd*, No. 2023-1280, 2023 WL 2660172 (Fed. Cir. Mar. 28, 2023) (citing *Holland v. United States*, 149 Fed. Cl. 543, 555 (2020)).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF 6) is **GRANTED**. Plaintiff's motion for leave to proceed *in forma pauperis* (ECF 2) is **GRANTED**. Plaintiff's motion for habeas corpus (ECF 8) is **DENIED AS MOOT**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

                                                s/ Stephen S. Schwartz
                                                STEPHEN S. SCHWARTZ
                                                Judge